**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **ADRIANNA NICOLE RICKS,** | |
| **Plaintiff,** | **Civil Action No.: 4:24-cv-00139** |
| **v.** | |
| | **DEMAND FOR JURY TRIAL** |
| **LEXISNEXIS RISK SOLUTIONS, INC.,** | |
| **Defendant.** | |

## COMPLAINT

Adrianna Nicole Ricks ("Plaintiff" or "Ms. Ricks") brings this action on an individual basis, against LexisNexis Risk Solutions, Inc. ("Defendant" or "LexisNexis") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of Defendant's mixing Plaintiff's consumer file with another consumer.

## INTRODUCTION

1.      The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

2. However, unfortunately this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can and do sustain substantial damage, both economically and emotionally, whenever inaccurate or fraudulent information is disseminated and/or obtained about them. In fact, the Defendant acknowledges this potential for misuse and resulting damage every time it sells its respective credit monitoring services to a consumer.

3. The ongoing technological advances in the area of data processing have resulted in a boon for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. Such companies are commonly known as consumer reporting agencies ("CRAs").

4. These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers, and other similar interested parties), commonly called "consumer reports," concerning individuals who may be applying for retail credit, housing, employment, or a car or mortgage loan.

5. Since 1970, when Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private, and financial information that they compile and sell about individual consumers.

6. "Credit is the lifeblood of the modern American economy, and for the American consumer access to credit has become inextricably tied to consumer credit scores as reported by credit reporting agencies." *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).

7. Congress made the following findings when it enacted the FCRA in 1970:

(a)     The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(b)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(c)     Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(d)     There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. § 1681(a)(1-4).

8.      Thus, one of the fundamental purposes of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter."   15 U.S.C. § 1681(b). Accordingly, "[t]he FCRA evinces Congress' intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities.'" *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).

9.      The preservation of one's good name and reputation is also at the heart of the FCRA's purposes:

[W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 cong. Rec. 36570 (1970)] (emphasis added).

10.     Since 1970, when Congress enacted the Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 *et. seq.*, ("FCRA"), the federal law has required CRAs to have in place and to utilize reasonable procedures "to assure the maximum possible accuracy" of the personal and financial information that they compile and sell about individual consumers.

11.     The FCRA also requires CRAs to conduct a reasonable reinvestigation to determine whether information disputed by consumers is inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which the CRA receives the notice of dispute from the consumer. This mandate exists to ensure that consumer disputes are handled in a timely manner and that inaccurate information contained within a consumer's consumer report is corrected and/or deleted so as to not prevent said consumer from benefiting from his or her credit and obtaining new credit.

12.     In light of these important findings and purposes, Congress specifically noted "a need to insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See* 15 U. S.C. § 1681(a)(4).

13.     The FCRA also requires furnishers of information, a creditor or other third party that provides information about consumer to a CRA, upon notice, to conduct a reasonable reinvestigation of all disputes with regard to the completeness or accuracy of any information it provides to the CRAs regarding a consumer and modify, delete, or permanently block any items of information found to be inaccurate, incomplete, or unverifiable after said reinvestigation is completed.

14.     A recurring and *known* issue within the consumer reporting industry is the creation of "mixed files."

15.     A "mixed file" occurs when personal and credit information belonging to Consumer B appears in one or more of Consumer A's consumer files.

16.     "Mixed files" create a false description and representation of a consumer's credit history.

17.     The Federal Trade Commission defined a mixed consumer file as a file that "refers to a Consumer Report in which some or all of the information pertains to Persons other than the Person who is subject to that Consumer Report." *F.T.C. v. TRW, Inc.*, 784 F. Supp. 361, 362 (N.D. Tex. 1991).

18.     Mixed files are not a new phenomenon. Defendant has been on notice of the existence of mixed files, and the fact that its procedures for creating consumer files, including its matching algorithms, are prone to frequently cause mixed files, for over thirty (30) years. *See Thompson v. San Antonia Retail Merchants Ass'n*, 682 F.2d 509, 511 (5th Cir. 1982).

19.     Notwithstanding Defendant's notice, mixed files continue to occur despite consumers' unique personal identifying information, such as Social Security numbers, date of birth, and addresses.

20.     Another consequence of mixed files is the resulting disclosure of a consumer's most personal identifying and financial information absent the consumer's knowledge or consent, or both.  This occurs when a consumer's file is mixed with that of another consumer, and either of those consumers applies for credit, housing, insurance, or employment, and CRA's, like Defendant sells information pertaining to one consumer in response to the application of the other.

21.     FCRA lawsuits have resulted in multi-million-dollar verdicts for consumers who fall victim to a mixed consumer file.

22. For example, in 2002, the jury in *Judy Thomas v. Trans Union LLC*, District of Oregon, Case NO. 00-1150-JE, found Trans Union had willfully violated the FCRA by mixing Judy Thomas's personal and credit information with another consumer's and failing to unmix them despite Ms. Thomas' numerous disputes. The jury awarded Ms. Thomas $300,000.00 in actual damages and $5,000,000.00 in punitive damages. Despite the verdict, Defendant continues to mix consumers' consumer files with other consumers' consumer files.

23. In 2007, the jury in *Angela Williams v. Equifax Information Services, LLC*, Circuit Court for Orange County Florida, Case No. 48-2003-CA-9035-0, awarded Angela Williams $219,000.00 in actual damages and $2,700,000.00 in punitive damages for willfully violating the FCRA by mixing Angela Williams with another consumer and failing to unmix them despite Ms. Williams' disputes. Despite the verdict, Defendant continues to mix consumers' consumer files with other consumers' consumer files.

24. In 2013, the jury in *Julie Miller v. Equifax Information Services, LLC*, District of Oregon, Case No. 3:11-cv-01231-BR, awarded Julie Miller $180,000.00 in actual damages and more than $18,000,000.00 in punitive damages for willfully violating the FCRA by mixing Julie Miller with another consumer and failing to unmix them despite Ms. Miller' numerous disputes. Despite the verdict, Defendant continues to mix consumers' consumer files with other consumers' consumer files.

25. More recently, a jury assessed a $60 million dollar verdict against Trans Union for mixing innocent persons as terrorists and drug dealers by matching consumers with the Office of Foreign Asset Control's "terrorist alert" list based on first and last name alone. *See Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2017 WL 5153280, at *1 (N.D. Cal. Nov. 7, 2017), *aff'd in part, vacated in part, rev'd in part sub nom. Ramirez v. TransUnion, LLC*, 951 F.3d 1008

(9th Cir. 20020). Despite being put on notice regarding such a verdict, Defendant continues to mix consumers' files with other consumers' files.

26.     National news articles have been published calling attention to the Defendant's specific conduct in mixing consumer' files, of which Defendant is well aware. *See, e.g.,* https://www.newsweek.com/2019/10/04/lexisnexis-mistake-data-insurance-costs-1460831.html

27.     Moreover, repeated noncompliance with statutory duties can establish that the defendants acted willfully.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) (punitive damages can be awarded based on "reckless disregard for a statutory duty").

28.     No less than three federal Courts of Appeal have held a consumer reporting agency violates 15 U.S.C. § 1681e(b) and may be found to have willfully violated the FCRA when it mixes a consumer's file with another consumer.

29.     Notably, the Federal Trade Commission and Consumer Financial Protection Bureau have specifically warned consumer reporting agencies to review their procedures when a mixed file occurs.

30.     Despite federal and state law, Congressional mandate, federal and state enforcement actions, and thousands of consumer lawsuits, mixed files remain a significant problem for innocent consumers, including Plaintiff.

31.     Plaintiff's claims arise out of the Defendant's blatantly inaccurate reporting, wherein Defendant published in a consumer report about Plaintiff, the information of another consumer because Defendant mixed Plaintiff's consumer file with that of a different person. .

32.     Further, Plaintiff's claims also arise out of Defendant's blatantly inaccurate reporting, wherein Defendant permitted the impermissible access to Plaintiff's consumer file when it published a consumer report about Plaintiff in response to a credit application submitted by and

pertaining to a different consumer because Defendant mixed Plaintiff's consumer file with that of a different consumer.

33.     Accordingly, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs consumer reports, in violation of the FCRA, 15 U.S.C. § 1681e(b); for failing to conduct a reasonable reinvestigation to determine whether information Plaintiff disputed was inaccurate and in fact, the product of a mixed file, and for failing to delete the disputed information from Plaintiff's consumer file, in violation of the FCRA, 15 U.S.C. § 1681i; and for selling Plaintiff's consumer report to third parties, whom did not have a permissible purpose to Plaintiff's consumer report, in relation to the credit application of a different consumer, in violation of the FCRA, 15 U.S.C. § 1681b(a).

34.     As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from the Defendant for its willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., as described herein.

## PARTIES

35.     Adrianna Nicole Ricks ("Plaintiff" or "Ms. Ricks") is a natural person residing in Newport News, Virginia, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

36.     Defendant LexisNexis Risk Solutions, Inc. ("Defendant" or "LexisNexis") is a corporation doing business throughout the United States, including the Commonwealth of Virginia, in this District and Division. It has a principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005. LexisNexis can be served through its registered agent C T Corporation System located at 289 S Culver Street, Lawrenceville, Georgia 30046.

37.     LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disseminating

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

38. The information LexisNexis collects through their C.L.U.E. database, maintains, and sells includes confidential details about the name, date of birth and policy number in addition to claim details such as date of loss, claim type, amounts paid, fault details and vehicle information. LexisNexis also collects consumers' personal identifiers, such as Social Security Numbers ("SSNs"), telephone numbers, and addresses.

39. LexisNexis collects and maintains such information about consumers, whether consumers like it or not. Consumers do not have a choice as to whether LexisNexis collects and maintains information about them. Not only that, but consumers cannot remove information that LexisNexis collects and maintains about them from the LexisNexis database. Further, LexisNexis sells that information about consumers for its unilateral profit, none of which is shared with the Plaintiff, who is the subject of the very data that LexisNexis sold.

## JURISDICTION AND VENUE

40. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

41. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Division.

## SUMMARY OF THE FAIR CREDIT REPORTING ACT

42. The FCRA governs the conduct of consumer reporting agencies in an effort to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

43.     The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681(a).

44.     Specifically, the statute was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. § 1681(b).

45.     To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (15 U.S.C. § 1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (15 U.S.C. § 1681i).

46.     The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

## DEFENDANT'S PROCESSING OF CREDIT INFORMATION

47.     Defendant regularly obtains information from various sources around the country including banks, credit unions, automobile dealers, student loan providers, public information vendors, and others.

48.     These sources are known as "furnishers" within the credit reporting industry and under the FCRA.

49. Defendant collects information from thousands of furnishers.

50. The process by which Defendant receives, sorts, and stores information is largely electronic.

51. Defendant takes credit information reported by furnishers and creates consumer files.

52. Defendant maintains consumer files on more than 200 million consumers.

53. Consumer files are updated electronically by the furnishers to reflect new information regarding the reported accounts (sometimes referred to within the industry as "tradelines").

## DEFENDANT'S MIXED FILE PROBLEM

54. Defendant knows that different consumers have similar names.

55. Defendant knows that different consumers can have similar Social Security numbers.

56. Defendant knows that different consumers with similar names can also have similar Social Security numbers.

57. Defendant knows that public records often do contain identifying information such as Social Security numbers or dates of birth.

58. Defendant matches tradelines and public records to a consumer file by comparing the information about the consumer associated with the tradeline or public record to the information they maintain about the consumer in the consumer's consumer file or files.

59. Defendant accomplishes this matching of credit information to consumer files through the use of certain matching algorithms or database rules.

60.     From time to time, Defendant's matching algorithms match information belonging to one consumer to the consumer file of another consumer; resulting in what's commonly known as in the credit reporting industry as a mixed or merged consumer file.

61.     Mixed files are not a new phenomenon.  In fact, as long ago as the early 1990s, the Federal Trade Commission ("FTC") (the government agency charged with enforcement of the FCRA), entered into individual Consent Decrees with each of the major CRAs,  regarding its significant failures and deficiencies with respect to mixed files.

62.     Similarly, the CFPB issued an advisory opinion in November 2021 stating that consumer reporting agencies who use name-only-matching do not have reasonable procedures as "name-only matching is particularly likely to lead to inaccuracies on consumer reports."[1]

63.     Despite Defendant's long-standing and specific knowledge of the mixed file problem, Plaintiff's consumer report was still generated by Defendant containing information belonging to another consumer.

64.     A mixed or merged consumer file is the result of Defendant's inaccurately mixing personal identifying information and credit information and/or an entire consumer file belonging to one consumer into the consumer file of another consumer.

65.     There are many different possible causes for the mixing of consumer files but all of them relate in one way or another to the algorithms and/or database rules used by Defendant to match personal identifying information and credit information, including public record information, to a particular consumers' consumer file.

---

[1] CFPB Advisory Opinion, 86 FR 62468, Nov. 10 2021, https://files.consumerfinance.gov/f/documents/cfpb_name-only-matching_advisory-opinion_2021-11.pdf

66.     The success or failure of these algorithms or rules is both a function of the rules themselves and of the information provided by the furnishers of the tradeline information to Defendant.

67.     A mixed consumer report could be caused by an improper algorithm just as it could be caused by the inaccurate reporting of a consumer's personal "indicative" information (e.g., name, Social Security number, address, date of birth, etc.) by the furnishers to Defendant.

68.     Accordingly, the database rules determine which consumer files are selected by the algorithm and merged to create a complete consumer report.

69.     Therefore, a mixed consumer report is sometimes the result of the mixing of two or more consumer files belonging to different consumers into one consumer report.

## FACTUAL ALLEGATIONS

### Plaintiff Applies for a TJX Credit Card

70.     In or around September 2023, Plaintiff was interested in securing a credit card and had been considering a TJX credit card.

71.     On or about September 27, 2023, Plaintiff completed and submitted a credit card application for a Synchrony Bank TJX Credit Card.

72.     For Synchrony Bank ("Synchrony") to make a determination on Plaintiff's credit application, it would need to obtain copies of her consumer files.  Plaintiff provided Synchrony with her personal identification information, including her Social Security number, and authorized it to obtain copies of her consumer files.

73.     Prior to October 1, 2023, Defendant sold a consumer report about Plaintiff to Synchrony in response to Plaintiff's credit application for the TJX Credit Card.

**Synchrony Denies Plaintiff's Application for a TJX Credit Card**

74.     On or about October 1, 2023, Synchrony issued an adverse action notice to Plaintiff. Within that letter, Synchrony communicated that it had denied Plaintiff's credit application due to information reported by Defendant.

75.     Specifically, Synchrony's adverse action notice provided the following reasons for denying Plaintiff's credit application:

> (a)     "Applicant associated with many phone changes";
>
> (b)     "Number of inquiries";
>
> (c)     "Distance between applicant's address and area code of phone number"; and
>
> (d)     "Days since most recent inquiry is too short"

76.     Defendant's reporting was grossly inaccurate.

77.     Plaintiff was shocked and dismayed at the credit denial because the denial reasons did not make sense to Plaintiff.

78.     First, to the best of Plaintiff's recollection, she has only had three different phone numbers since 2016.

79.     Furthermore, Plaintiff had been diligently working towards being a responsible credit user had not applied for credit of any sort, since March of 2023, making it highly unlikely that there were too many inquiries, or that her most recent inquiry had occurred in a time frame considered to be "too short".

80.     Finally, Plaintiff's address and telephone number were both in Virginia, meaning the "distance" between the two should not be an issue.

81.     The consumer file provided to Synchrony by Defendant was patently false on its face because Defendant should not have sold a consumer report about Plaintiff indicating there were many inquiries, let alone recent ones.

82.     It was inaccurate for Defendant to publish information to a third party indicating that Plaintiff had submitted other recent and frequent credit applications when Plaintiff had not submitted inquiries so close together, or in the past six months.

83.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

**Plaintiff's Mixed Consumer file as of October 2023**

84.     Frustrated, worried, and exasperated, Plaintiff immediately requested a copy of her consumer file from Defendant.

85.     On or about October 18, 2023, Plaintiff secured a copy of her consumer file from Defendant.

86.     Upon reviewing the contents of the October 18, 2023, consumer file, Plaintiff was confounded by the appearance of several pieces of information that did not belong to Plaintiff at all.

87.     Specifically, Defendant was reporting the following e-mail addresses which did not belong to Plaintiff:

        (a)     misparker5@gmail.com
        (b)     jjosephricks@yahoo.com
        (c)     reesepcpkr@gmail.com
        (d)     jayricks1886@yahoo.com
        (e)     ricks_adrianna@yahoo.com

88.    Further, Defendant was reporting the following name variation which did not belong to Plaintiff:

    (a)    Adrian Ricks

89.    Further, Defendant was reporting the following addresses which did not belong to Plaintiff:

    (a)    27 RIVERLANDS DR, NEWPORT NEWS, VA 23605 – 3530
    (b)    114 KENNETH CT, NEWPORT NEWS, VA 23602 – 6560
    (c)    SPRINGFIELD, PA 19064
    (d)    PORTSMOUTH, VA 23701
    (e)    NEWPORT NEWS, VA 23606
    (f)    5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2022
    (g)    161 ROSE CT APT 10, NEWPORT NEWS, VA 23601  1226
    (h)    BALTIMORE, MD 21276
    (i)    BROOKLYN, NY 11202
    (j)    FORT EUSTIS, VA 23604
    (k)    170 ANNETTE CT, NEWPORT NEWS, VA 236011259
    (l)    6020 CHESTNUT AVE, NEWPORT NEWS, VA 236052024
    (m)    126 W WASHINGTON ST 204 APT, SUFFOLK, VA 23434-5229
    (n)    217 MIDDLE ST, SMITHFIELD, VA 234301016
    (o)    191 LOCHAVEN DR, NEWPORT NEWS, VA 236027002
    (p)    102 MARQUIS DR, COATESVILLE, PA 193203072
    (q)    2729 JAMESTOWN AVE, HAMPTON, VA 236612037
    (r)    390 COTTONWOOD AVE B UNIT, HAMPTON, VA 236612552

90.    Further, Defendant was reporting the following phone numbers which did not belong to Plaintiff:

    (a)    757 4056817
    (b)    757 8127660
    (c)    757 2420672
    (d)    757 5250614
    (e)    757 5995959
    (f)    757 3586263
    (g)    757 8499475
    (h)    757 2470486
    (i)    757 2367533
    (j)    347 6147177

91.     Further, Defendant was reporting the following educational records which did not belong to Plaintiff:

(a)     ADRIAN RICKS
        Student Details:
        Date of Birth: XXXXXXXX
        Age: 28
        Gender: MALE
        Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602-6560
        County: NEWPORT NEWS CITY
        Latitude: 37.106960 Longitude: 76.531370
        Address Type: SINGLE FAMILY DWELLING
        Year of Graduation: 13
        Income Level: $50,000-$59,999

(b)     ADRIAN RICKS
        Student Details:
        Date of Birth: XXXXXXXX Age: 28
        Gender: MALE
        Address: 170 ANNETTE CT, NEWPORT NEWS, VA 23601-1259
        County: NEWPORT NEWS CITY
        Latitude: 37.090410 Longitude: 76.455840
        Address Type: HIGHRISE DWELLING Phone Number:
        College/School Details:
        Year of Graduation: 13
        Income Level: $50,000-$59,999

(c)     ADRIAN RICKS
        Student Details:
        Date of Birth: XXXXXXXX
        Age: 21
        Gender: MALE
        Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2022
        County: NEWPORT NEWS CITY
        Latitude: 37.009029 Longitude: 76.419510
        Address Type: SINGLE FAMILY DWELLING
        College/School Details:
        Year of Graduation: 13
        Head of Household First Name: MAXINE
        Head of Household Gender: FEMALE
        Income Level: $20,000 - $29,999

92.     Further, Defendant was reporting the following business association records which did not belong to Plaintiff:

(a)  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

(b)  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 -2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

(c)  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

(d)  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Latitude: 37.001210 Longitude: -76.391520
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661 – 2552

(e)     JOHN ROCK
        Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
        Phone Number: 4849085895
        **Business Details:**
        Title/Role:
        Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
        Business Phone Number: 7578750404

(f)     JOHN ROCK
        Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Phone Number: 4849085895
        **Business Details:**
        Title/Role:
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Business Phone Number: 7578750404

(g)     JOHN ROCK
        Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Phone Number: 4849085895
        **Business Details:**
        Title/Role:
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Business Phone Number: 7578750404

93.     Further, Defendant was reporting the following motor vehicle records which did

not belong to Plaintiff:

(a)     Motor Vehicle Details:
        State: VA VIN: 1G6DM577X40161437
        Year: 2004
        Make: CADILLAC
        Series: Model: CTS
        Body: SEDAN
        Name: MR ADRIAN J RICKS
        Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2022
        Latitude: 37.009029 Longitude: 76.419510

ADRIANNA RICKS
Date of Birth: XXXXXX
Gender: M
Address: APT 6 13218 AQUEDUCT DR, NEWPORT NEWS, VA 23602-5858
County: Newport News City
Phone Number: 7572470486
VIN: 1G6DM577X40161437
Body Type: SEDAN Additional
Year: 2004
Class: FULL SIZE CAR

94.     Further, Defendant was reporting the following records from the Department of

Driver Services which did not belong to Plaintiff, including apparent convictions:

(a)     Code: 333192
Type: Conviction
Points: 0
Case Status: 107
Incident Date: 07/17/2021
Resolution Date: 0
Additional Violation Details: 90/60 SPRD
CASE #: GT2101217500
CASE FILE DATE: 20210720
Source Details: 1ST GENERAL DISTRICT COURT 307 ALBEMARLE DR, #100 CIVIC CENTER CHESAPEAKE, VA 23322 (757) 3823100

(b)     Code: 128439
Type: Conviction
Points: 0
Case Status:
Incident Date: 05/10/2021
Resolution Date: 04/28/2023
Case Disposition: 102
Additional Violation Details: INDECENT ACT W/CHILD CUSTODIAN
CASE #: CR2200100301
CASE FILE DATE: 20220907
Source Details: 7TH CIRCUIT COURT 2500 WASHINGTON AVE NEWPORT NEWS, VA 23607 (757) 9268561

    (c)     Driver's License Violation Details:
Code: 160850
Type: Conviction
Points: 0
Case Status: 107
Incident Date: 07/17/2021
Resolution Date: 12/29/2021
Case Disposition: 110
Additional Violation Details: 74/60 SPEED
CASE #: GT2101217500
CASE FILE DATE: 20210720
Source Details: 1ST GENERAL DISTRICT COURT 307 ALBEMARLE DR, #100 CIVIC CENTER CHESAPEAKE, VA 23322 (757) 3823100

    (d)     Driver's License Violation Details:
Code: 4062
Type: Conviction
Points: 0
Incident Date: 05/10/2021
Resolution Date: 11/29/2022
Case Disposition: 105
Additional Violation Details: AGG SEX BATT: BY FORCE/1314
CASE #: CR2200108901
CASE FILE DATE: 20220926
Source Details: 7TH CIRCUIT COURT 2500 WASHINGTON AVE NEWPORT NEWS, VA 23607 (757) 9268561

    (e)     Code: 81010
Type: Conviction
Points: 0
Case Status:
Incident Date: 05/08/2020
Resolution Date: 09/15/2020
Case Disposition: 105
Additional Violation Details: DISP TAGS ISS ANOTHER
CASE #: GT2000850600
CASE FILE DATE: 20200527

95.    Further, Defendant was reporting the following insurance policy records which did not belong to Plaintiff:

    (a)     Social Security Number:
Date Of Birth: 7/XX/1995
Gender: Male
Driver's License Number: XXXXX3827

Driver's License State: Virginia
Insurance Type: Personal Auto
Relationship: Primary Policyholder
Current Term Start Date: 03/27/2018
Current Term End Date: 05/25/2018
Number of Policy Lapses: 1
Policyholder Cancellation Date: 05/25/2018
**Policy Details:**
Carrier: INTEGON GENERAL INSU AMBest
Number: 002459
National Association of Insurance Commissioner's Number: 22780
Number: 2006300889
Inception Date: 03/27/2018
State: Virginia Start Date: 03/27/2018
Type: Auto End Date: 03/27/2019


**Details:**
Make: CHEV
Vehicle Current Term Start Date: 03/27/2018
Year: 1994
Vehicle Cancelled Date: 05/25/2018
VIN: 1G1BL52W4RR198286
Vehicle Current Term End Date: 05/25/2018


(b)   ADRIANNA RICKS
**Policyholder Details:**
Social Security Number:
Date Of Birth: 7/XX/1995
Gender: Female
Driver's License Number: XXXXX5253
Driver's License State: Virginia
Insurance Type: Personal Auto
Relationship: Primary Policyholder
Current Term Start Date: 02/27/2020
Current Term End Date: 07/09/2020
Number of Policy Lapses: 1


**Policy Details:**
Carrier: INTEGON GENERAL INSU AMBest Number: 002459
National Association of Insurance Commissioner's Number: 22780
Number: 2009076275 Inception Date: 02/27/2020
State: Virginia Start Date: 02/27/2020
Type: Auto End Date: 02/27/2021
Status: Active Risk Type:

Reason Policy Cancelled: Customer Request
Make: VOLK
Vehicle Current Term Start Date: 02/27/2020

Year: 2002
Vehicle Cancelled Date: 03/03/2020
VIN: 9BWGB61JX24005534
Vehicle Current Term End Date: 03/03/2020

**Details:**
Make: KIA
Vehicle Current Term Start Date: 03/03/2020
Year: 2003
Vehicle Cancelled Date: 07/09/2020
VIN: KNADC125536232177
Vehicle Current Term End Date: 07/09/2020
Auto Coverage: Yes

   (c)     ADRIAN RICKS
**Policyholder Details:**
Social Security Number:
Date Of Birth: 7/XX/1995
Gender: Male
Driver's License Number: XXXXX3827
Driver's License State: Virginia
Insurance Type: Personal Auto
Relationship: Primary Policyholder
Current Term Start Date: 06/17/2021
Current Term End Date: 09/11/2021
Number of Policy Lapses: 1
Policyholder Cancellation Date: 09/11/2021

**Policy Details:**
Carrier: PROGRESSIVE GROUPS AMBest Number: 090525
National Association of Insurance Commissioner's Number: 11851
Number: 944871503AA452012 Inception Date: 12/17/2020
State: Virginia Start Date: 06/17/2021
Type: Auto End Date: 12/17/2021
Status: Active Risk Type:
Reason Policy Cancelled:

**Details:**
Make: CHEVR

> Vehicle Current Term Start Date: 06/17/2021
> Year: 2019
> Vehicle Cancelled Date: 09/11/2021
> VIN: 1G11Z5SA1KU136350
> Vehicle Current Term End Date: 09/11/2021

96.     Further, and even more damaging, Defendant was reporting the following lien judgment records which did not belong to Plaintiff:

> MR ADRIAN RICKS
> Company Name:
> Address: 161 ROSE CT 10 APT, NEWPORT NEWS, VA 23601-1226
> County: 51700
> Party Type: Petitioner
> Court Details:
> Court Name: NEWPORT NEWS CITY DISTRICT COURT
> Court County: NEWPORT NEWS (CITY)
> Court State: VA
> Filing Details: Additional Filing Details:
> Filing Type: FORCIBLE ENTRY/DETAINER
> Filing Jurisdiction: VA
> Filing Number: 703GV1802493900

97.     By reporting the aforementioned personal information in the consumer file presumably about Plaintiff, despite the fact that the accounts and information do not belong to Plaintiff, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's consumer files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

98.     Upon further review, Plaintiff discovered that her twin brother's name, Adrian Ricks, was also appearing in her consumer report. Further giving rise to her fear and worry that, along with a different consumer, her twin brother's information was mixed with hers.

99.     Further, and more damning still, Defendant was also reporting the following account inquiries, with whom Plaintiff did not have an account relationship:

> (a) Date of Inquiry: July 6, 2023
>     Collections TRANSWORLD SYSTEMS INC Paypal via Sync

(b) Date of Inquiry: November 8, 2022
Collections TRANSWORLD SYSTEMS, INC

(c) Date of Inquiry: December 11, 2020
Credit Application GM Financial

(d) Date of Inquiry: December 11, 2020
Credit Application Ally Bank

(e) Date of Inquiry: December 11, 2020
Credit Application Global Lending Services LLC

(f) Date of Inquiry: December 7, 2020
Credit Application American Credit Acceptance

100.    Plaintiff did not apply for credit with any of the aforementioned entities and did not

have a relationship with any of the aforementioned entities.  Defendant did not have a permissible

purpose for furnishing information about Plaintiff to the above-referenced entities on the above-

referenced dates.

101.    Upon information and belief, all of the above-referenced inquiries were initiated by

credit applications submitted by a different person.

102.    As Plaintiff had not authorized any of the above-referenced entities to request

Plaintiff's consumer report from Defendant on the above-referenced dates between 2020 to 2023,

nor did Plaintiff enter into any business transaction or relationship which otherwise may have

provided a basis for those entities securing a copy of Plaintiff's consumer report from Defendant,

Defendant disclosed information about Plaintiff to the above-referenced entities without a

permissible purpose and in violation of 15 U.S.C. § 1681b(a).

**Plaintiff's November 2023 Dispute to Defendant**

103.    On or about November 1, 2023, realizing that something was very wrong with her

consumer file, Plaintiff sent a dispute letter to Defendant, via certified mail, and disputed the

inaccuracies.   Specifically, Plaintiff disputed the information that did not belong to her, as identified in paragraphs 89 through 101.

104.    Along with her dispute letter, Plaintiff enclosed a copy of her driver's license to better assist Defendant in identifying her in its system.

105.    Plaintiff requested that Defendant reinvestigate the disputed information, correct the reporting, and send her a corrected copy of her consumer report.

**Defendant's Unreasonable Dispute Reinvestigation November 2023**

106.    On or about November 6, 2023, Defendant received Plaintiff's dispute.

107.    Shortly thereafter, Plaintiff received Defendant's dispute response, dated November 21, 2023. Defendant's response indicated that the disputed information, related to the reported "Lien, Judgment, and Civil Filing Records" were accurate.

108.    Several weeks later, Plaintiff received another correspondence from Defendant, dated December 5, 2023, with an additional dispute response. In this response, much to Plaintiff's dismay and confusion, Defendant indicated that it removed some of the disputed information; most of the disputed information, however, remained in Plaintiff's consumer file.

109.    Concerned about the state of her consumer file after receiving Defendant's November and December 2023 dispute responses, Plaintiff requested another copy of her consumer file from Defendant.

110.    On or about January 25, 2024, Plaintiff obtained a copy of her consumer file from Defendant.

111.    Upon reviewing the contents of the January 25, 2024, consumer file, Plaintiff was distressed to see that Defendant was still reporting information belonging to both her brother and a different consumer to Plaintiff's consumer file.

112.    Specifically, Defendant was still reporting the following disputed information which does not belong to Plaintiff:

(a) Emails:

  i.   misparker5@gmail.com
  ii.  jjosephricks@yahoo.com
  iii. reesepcpkr@gmail.com
  iv.  jayricks1886@yahoo.com
  v.   ricks_adrianna@yahoo.com

(b) Name Variations:

  i.   Adrian Ricks

(c) Addresses:

  i.    27 RIVERLANDS DR, NEWPORT NEWS, VA 23605 – 3530
  ii.   114 KENNETH CT, NEWPORT NEWS, VA 23602 – 6560
  iii.  SPRINGFIELD, PA 19064
  iv.   NEWPORT NEWS, VA 23606
  v.    5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2022
  vi.   161 ROSE CT APT 10, NEWPORT NEWS, VA 23601  1226
  vii.  BALTIMORE, MD 21276
  viii. BROOKLYN, NY 11202
  ix.   FORT EUSTIS, VA 23604
  x.    170 ANNETTE CT, NEWPORT NEWS, VA 236011259
  xi.   6020 CHESTNUT AVE, NEWPORT NEWS, VA 236052024
  xii.  217 MIDDLE ST, SMITHFIELD, VA 234301016
  xiii. 191 LOCHAVEN DR, NEWPORT NEWS, VA 236027002
  xiv.  102 MARQUIS DR, COATESVILLE, PA 193203072
  xv.   390 COTTONWOOD AVE B UNIT, HAMPTON, VA 236612552

(d) Phone Numbers:

  i.   757 8127660
  ii.  757 2420672
  iii. 757 5250614
  iv.  757 3586263
  v.   757 8499475
  vi.  757 2470486

(e) Educational Records

    i.    ADRIAN RICKS
        Student Details:
        Date of Birth: XXXXXXXX Age: 28
        Gender: MALE
        Address: 170 ANNETTE CT, NEWPORT NEWS, VA 23601  1259
        County: NEWPORT NEWS CITY
        Latitude: 37.090410 Longitude: 76.455840
        Address Type: HIGHRISE DWELLING Phone Number:
        College/School Details:
        Year of Graduation: 13
        Income Level: $50,000-$59,999

(f)  Business Association Records:

    i.    Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Latitude: 37.011140 Longitude: -76.420710
        Email: RICKSN39@GMAIL.COM
        IP Address: 172.58.152.126
        Phone Number: 4849085895
        Cell Phone:
        Business Details:
        Business Phone Number: 7578750404
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

    ii.    Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 -2024
        Latitude: 37.011140 Longitude: -76.420710
        Email: RICKSN39@GMAIL.COM
        IP Address:
        Phone Number: 4849085895
        Business Phone Number: 7578750404
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

    iii.    Name: MS ADRIANNA RICKS
        Date of Birth: XXXXXXXX
        Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
        Latitude: 37.011140 Longitude: -76.420710
        Email: RICKSN39@GMAIL.COM
        IP Address:
        Phone Number: 4849085895
        Cell Phone:
        Business Details:

Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

iv.   Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Latitude: 37.001210 Longitude: -76.391520
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661 – 2552

v.   JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Business Phone Number: 7578750404

vi.   JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

vii.   JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

(g) Motor Vehicle Registration Records:

    i.   Motor Vehicle Details:
        State: VA VIN: 1G6DM577X40161437
        Year: 2004
        Make: CADILLAC
        Series: Model: CTS
        Body: SEDAN
        Name: MR ADRIAN J RICKS
        Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2022
        Latitude: 37.009029 Longitude: 76.419510

(h) Department of Driver Services records:

    i.   Code: 81010
        Type: Conviction
        Points: 0
        Case Status:
        Incident Date: 05/08/2020
        Resolution Date: 09/15/2020
        Case Disposition: 105
        Additional Violation Details: DISP TAGS ISS ANOTHER
        CASE #: GT2000850600
        CASE FILE DATE: 20200527

(i) Insurance Policy Records:

    i.   Social Security Number:
        Date Of Birth: 7/XX/1995
        Gender: Male
        Driver's License Number: XXXXX3827
        Driver's License State: Virginia
        Insurance Type: Personal Auto
        Relationship: Primary Policyholder
        Current Term Start Date: 03/27/2018
        Current Term End Date: 05/25/2018
        Number of Policy Lapses: 1
        Policyholder Cancellation Date: 05/25/2018
        **Policy Details:**
        Carrier: INTEGON GENERAL INSU AMBest
        Number: 002459

National Association of Insurance Commissioner's Number: 22780
Number: 2006300889
Inception Date: 03/27/2018
State: Virginia Start Date: 03/27/2018
Type: Auto End Date: 03/27/2019

**Details:**
Make: CHEV
Vehicle Current Term Start Date: 03/27/2018
Year: 1994
Vehicle Cancelled Date: 05/25/2018
VIN: 1G1BL52W4RR198286
Vehicle Current Term End Date: 05/25/2018

ii.   ADRIANNA RICKS
**Policyholder Details:**
Social Security Number:
Date Of Birth: 7/XX/1995
Gender: Female
Driver's License Number: XXXXX5253
Driver's License State: Virginia
Insurance Type: Personal Auto
Relationship: Primary Policyholder
Current Term Start Date: 02/27/2020
Current Term End Date: 07/09/2020
Number of Policy Lapses: 1

**Policy Details:**
Carrier: INTEGON GENERAL INSU AMBest Number: 002459
National Association of Insurance Commissioner's Number: 22780
Number: 2009076275 Inception Date: 02/27/2020
State: Virginia Start Date: 02/27/2020
Type: Auto End Date: 02/27/2021
Status: Active Risk Type:
Reason Policy Cancelled: Customer Request
Make: VOLK
Vehicle Current Term Start Date: 02/27/2020

Year: 2002
Vehicle Cancelled Date: 03/03/2020
VIN: 9BWGB61JX24005534

Vehicle Current Term End Date: 03/03/2020

**Details:**
Make: KIA
Vehicle Current Term Start Date: 03/03/2020
Year: 2003
Vehicle Cancelled Date: 07/09/2020
VIN: KNADC125536232177
Vehicle Current Term End Date: 07/09/2020
Auto Coverage: Yes

113.    In response to Plaintiff's November 2023 dispute, Defendant failed to delete the thirty-nine (39) records and information disputed by Plaintiff.

114.    In response to Plaintiff's November 2023 dispute, Defendant failed to delete all inquiries disputed by Plaintiff.

115.    Defendant failed to conduct a reasonable investigation of Plaintiff's November 2023 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

116.    Thereafter, Defendant failed to unmix Plaintiff's consumer file from that of the other consumer and likely Defendant continued to report the other consumer's information to Plaintiff's consumer file.

117.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

**Plaintiff's April 2024 Dispute to Defendant**

118.    On or about April 1, 2024, worried that the continued inaccurate reporting by Defendant would severely impact her creditworthiness, Plaintiff sent a dispute letter to Defendant

via certified mail and disputed the inaccuracies.  In addition to the items previously identified, Plaintiff also disputed additional information that did not belong to her. Specifically, Plaintiff disputed the following:

(a) Emails:

    i.   JJOSEPHRICKS@YAHOO.COM
    ii.   RICKSN39@GMAIL.COM
    iii.   REESEPCPKR@GMAIL.COM
    iv.   JAYRICKS1886@YAHOO.COM
    v.   MISPARKER5@GMAIL.COM
    vi.   RICKS_ADRIANNA@YAHOO.COM

(b) Phone Numbers:

    i.   4849085895
    ii.   757 2420672
    iii.   757 5250614
    iv.   757 8499475

(c) Educational Records

    i.   ADRIAN RICKS
       Student Details:
       Date of Birth: XXXXXXXX Age: 28
       Gender: MALE
       Address: 170 ANNETTE CT, NEWPORT NEWS, VA 23601  1259
       County: NEWPORT NEWS CITY
       Latitude: 37.090410 Longitude: 76.455840
       Address Type: HIGHRISE DWELLING Phone Number:
       College/School Details:
       Year of Graduation: 13
       Income Level: $50,000-$59,999

(d) Business Association Records:

    i.   Name: MS ADRIANNA RICKS
       Date of Birth: XXXXXXXX
       Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
       Latitude: 37.011140 Longitude: -76.420710
       Email: RICKSN39@GMAIL.COM
       IP Address: 172.58.152.126
       Phone Number: 4849085895
       Cell Phone:

Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

ii.  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 -2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

iii.  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

iv.  Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Latitude: 37.001210 Longitude: -76.391520
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661 – 2552

v.  JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Phone Number: 4849085895
**Business Details:**
Title/Role:

Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Business Phone Number: 7578750404

vi.   JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

vii.  JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

(e) Motor Vehicle Registration Records:

i.   RECORD 1
Motor Vehicle Details:
State: VA VIN: 1G6DM577X40161437
Year: 2004 Make: CADILLAC
Series: Model: CTS
Body: SEDAN Net Weight:
Gross Weight: Vehicle Use:
Type: PASSENGER CAR/LIGHT TRUCK Major Color:
Minor Color: Model Year: 2004
Model Class: Number of Doors:
Driver Airbag: Driver Side Airbag:
Head Curtain Airbag: Front Passenger Airbag:
Front Passenger Side Airbag: Airbags:

ii.  RECORD 2
Name: MR ADRIAN J RICKS
Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 ? 2022
Latitude: 37.009029 Longitude: ?76.419510

**Motor Vehicle Details:**
Date of Birth: Gender: M
License State: Original Registration Date:
Earliest Registration Renewal Date: Latest Registration Renewal Date:
Registration Expiration Date: Decal Number:
License Plate Number: License Plate Description:
Previous License State: Previous License Plate Number:
Title Number: Earliest Title Issue Date:
Latest Title Issue Date: Previous Title Issue Date:
Title Status: Odometer Mileage:

(f)  Marketing Records

    i.    RECORD 2 MR ADRIAN RICKS
        Date of Birth:
        Address: 161 ROSE CT APT 10, NEWPORT NEWS, VA 23601 ? 1226
        County: NEWPORT NEWS
        Phone Number:

    ii.    RECORD 3
        MR ADRIAN RICKS
        Date of Birth:
        Address: 27 RIVERLANDS DR APT F, NEWPORT NEWS, VA 23605 ?
        3530
        County: NEWPORT NEWS
        Phone Number:

    iii.    RECORD 4
        MR ADRIAN RICKS
        Date of Birth: Address: 27 RIVERLANDS DR, NEWPORT NEWS, VA
        23605 ? 3530
        County: NEWPORT NEWS
        Phone Number:

    iv.    RECORD 5
        MR ADRIAN RICKS
        Date of Birth:
        Address: 27 RIVERLANDS DR, NEWPORT NEWS, VA 23605 ? 3530
        County: NEWPORT NEWS
        Phone Number: 7572470486

    v.    RECORD 6
        MR ADRIAN RICKS
        Date of Birth: XXXXXXXX

Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 ? 2022
County: NEWPORT NEWS
Phone Number:

    vi.    RECORD 7
           MR ADRIANNA RICKS
           Date of Birth:
           Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 ? 2022
           County: NEWPORT NEWS
           Phone Number:

    vii.    RECORD 8
           MR ADRIAN JOSEPH RICKS
           Date of Birth:
           Address: 5904 CHESTNUT AVE, NEWPORT NEWS, VA 23605 ? 2022
           County: NEWPORT NEWS
           Phone Number: 7572445151

    viii.    RECORD 9
           MR ADRIANNA RICK
           Date of Birth: XXXXXXXX
           Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 ? 2024
           County: NEWPORT NEWS
           Phone Number:

    ix.    RECORD 10
           MR ADRIAN RICKS
           Date of Birth: XXXXXXXX
           Address: 170 ANNETTE CT APT 8, NEWPORT NEWS, VA 23601 ? 1259
           County: NEWPORT NEWS
           Phone Number:

    x.    RECORD 11
           MR ADRIAN RICKS
           Date of Birth: XXXXXXXX
           Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602 ? 6560
           County: NEWPORT NEWS
           Phone Number:

    xi.    RECORD 12
           MR ADRIAN RICKS
           Date of Birth:
           Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602 ? 6560

County: NEWPORT NEWS
Phone Number:

xii.  RECORD 13
MR ADRIAN RICKS
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602 ? 6560
County: NEWPORT NEWS
Phone Number: 7578127660

xiii.  RECORD 14
ADRIAN RICKS
Date of Birth:
Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602 ? 6560
County: NEWPORT NEWS
Phone Number: 7578127660

xiv.  RECORD 15
ADRIAN RICKS
Date of Birth:
Address: 114 KENNETH CT, NEWPORT NEWS, VA 23602 ? 6560
County: NEWPORT NEWS
Phone Number:

(g) ID Analytics:

i.  RECORD 8
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
 Phone Number 2:
Phone Number 3:
Email: IP Address: Application Date: 20191124

ii.  RECORD 10
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3: 7574056817
Email: IP Address:
Application Date: 20190401

iii.  RECORD 11

Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20190204

iv.   RECORD 12
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 162 ROSE CT APT 10, 23601 ? 1227
Phone Number 1: 7574856817
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20190124

v.   RECORD 14
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20180411

vi.   RECORD 15
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 170 ANNETTE CT APT 8, 23601 ? 1259
Phone Number 1: 7574056817
Phone Number 2: 7574056817
Phone Number 3:
Email: IP Address:
Application Date: 20180322

vii.   RECORD 30
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 27 RIVERLANDS DR, 23605 ? 3530
Phone Number 1:
Phone Number 2:
Phone Number 3:

Email: IP Address:
Application Date: 20161209

viii. RECORD 31
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3: 7574056817
Email: IP Address:
Application Date: 20161014

ix. RECORD 32
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20160713

x. RECORD 33
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20150126

xi. RECORD 35
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1: 7572367533
Phone Number 2: 7572367533
Phone Number 3:
Email: IP Address:
Application Date: 20140623

xii. RECORD 36

         Name: ADRIAN
         Date of Birth: XXXXXXXX
         Address: 114 KENNETH CT, 23602 ? 6560
         Phone Number 1: 7572367533
         Phone Number 2:
         Phone Number 3:
         Email: IP Address:
         Application Date: 20140406

xiii.    RECORD 37
         Name: ADRIAN
         Date of Birth: XXXXXXXX
         Address: 114 KENNETH CT, 23602 ? 6560
         Phone Number 1:
         Phone Number 2:
         Phone Number 3:
         Email: IP Address:
         Application Date: 20140331

xiv.    RECORD 40
         Name: ADRIAN
         Date of Birth: XXXXXXXX
         Address: 114 KENNETH CT, 23602 ? 6560
         Phone Number 1: 7573586263
         Phone Number 2:
         Phone Number 3:
         Email: IP Address:
         Application Date: 20140221

xv.    RECORD 41
         Name: ADRIAN
         Date of Birth:
         Address: 114 KENNETH CT, 23602 ? 6560
         Phone Number 1: 7572367533
         Phone Number 2:
         Phone Number 3:
         Email: RBESEPCPKR@GMAIL.COM
         IP Address:
         Application Date: 20140211

xvi.    RECORD 42
         Name: ADRIAN
         Date of Birth: XXXXXXXX
         Address: 114 KENNETH CT, 23602 ? 6560

Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20130916

xvii.  RECORD 43
Name: ADRIAN
Address:
Latitude: 37.016352
Longitude: ?76.437528
Phone Number: 7572470486

xviii.  RECORD 44
Name: ADRIAN
Address:
Latitude: 37.107100
Longitude: ?76.531400
Phone Number: 7578127660

xix.  RECORD 45
Name: ADRIAN
Address:
Latitude: 37.104457
Longitude: ?76.530457
Phone Number:

xx.  RECORD 46
Name: ADRIAN
Address:
Latitude: 37.104455
Longitude: ?76.530448
Phone Number:

(h) Insurance Policy Records:

i.  RECORD 2
**Policy Details:**
Carrier: INTEGON GENERAL INSU AMBest Number: 002459
National Association of Insurance Commissioner's Number: 22780
Number: 2009076275 Inception Date: 02/27/2020
State: Virginia Start Date: 02/27/2020
Type: Auto End Date: 02/27/2021

119.    In addition to the disputed information that Defendant failed to delete after its unreasonable investigation of Plaintiff's November 2023 dispute, Plaintiff disputed five (5) additional inquiries that she did not recognize.

      (a) Date of Inquiry: November 6, 2023
           CORELOGIC CREDCO LLC

      (b) Date of Inquiry: October 27, 2023
           INFORMATIVE RESEARCH I

      (c) Date of Inquiry: July 8, 2022
           JPMCB CARD

      (d) Date of Inquiry: May 26, 2022
           COMENITYBANK/VICSECRMC

      (e) Date of Inquiry: April 23, 2022
           COMENITYBANK/VICSECRMC

120.    Along with her dispute letter, Plaintiff enclosed a copy of her driver's license to better assist Defendant in identifying her in its system.

121.    Plaintiff requested that Defendant reinvestigate the disputed information, correct the reporting, and send her a corrected copy of her consumer report.

**Defendant's Unreasonable Dispute Reinvestigation May 2024**

122.    On or about April 16, 2024, Defendant received Plaintiff's dispute.

123.    Thereafter, in May 2024, Plaintiff received two dispute response letters from Defendant, each dated May 16, 2024.

124.    In one of the dispute response letters, Defendant informed Plaintiff that it confirmed the insurance policy record as "accurate."

125.    In the second dispute response letter, Defendant informed Plaintiff that it was unable not able to locate the additional five (5) unrecognized inquiries in Plaintiff's consumer file

and requested that Plaintiff submit additional supporting documents showing the inquiries in question.

126.    Concerned about the state of her consumer file and Defendant's dispute response, Plaintiff obtained another copy of her consumer file from Defendant.

127.    On or about May 16, 2024, Plaintiff reviewed a copy of her consumer file from Defendant.

128.    Upon reviewing the contents of the May 16, 2024, consumer file, Plaintiff was distressed to see that Defendant was still reporting information belonging to both her brother and a different consumer to Plaintiff's consumer file.

129.    In response to Plaintiff's May 2024 dispute, Defendant only deleted the following disputed information: three (3) disputed phone records and five (5) email record.

130.    Further, Defendant did not delete the disputed business association, marketing, ID Analytics, and insurance policy records.

131.    Specifically, Defendant was still reporting the following disputed information which does not belong to Plaintiff:

> (a) Emails:
> i.    JJOSEPHRICKS@YAHOO.COM
> ii.   RICKSN39@GMAIL.COM
> iii.  REESEPCPKR@GMAIL.COM
> iv.   JAYRICKS1886@YAHOO.COM
> v.    MISPARKER5@GMAIL.COM
> vi.   RICKS_ADRIANNA@YAHOO.COM
>
> (b) Phone Numbers:
> i.    4849085895
>
> (c) Educational Records
> i.    ADRIAN RICKS
>       Student Details:
>       Date of Birth: XXXXXXXX Age: 28
>       Gender: MALE

Address: 170 ANNETTE CT, NEWPORT NEWS, VA 23601 1259
County: NEWPORT NEWS CITY
Latitude: 37.090410 Longitude: 76.455840
Address Type: HIGHRISE DWELLING Phone Number:
College/School Details:
Year of Graduation: 13
Income Level: $50,000-$59,999

(d) Business Association Records:

   i.   Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

   ii.   Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 -2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

   iii.   Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Latitude: 37.011140 Longitude: -76.420710
Email: RICKSN39@GMAIL.COM
IP Address:
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605 – 2024

   iv.   Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552

Latitude: 37.001210 Longitude: -76.391520
Email: RICKSN39@GMAIL.COM
IP Address: 172.58.152.126
Phone Number: 4849085895
Cell Phone:
Business Details:
Business Phone Number: 7578750404
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661 – 2552

    v.    JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 390 COTTONWOOD AVE B, HAMPTON, VA 23661-2552
Business Phone Number: 7578750404

    vi.    JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

    vii.    JOHN ROCK
Name: MS ADRIANNA RICKS
Date of Birth: XXXXXXXX
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Phone Number: 4849085895
**Business Details:**
Title/Role:
Address: 6020 CHESTNUT AVE, NEWPORT NEWS, VA 23605-2024
Business Phone Number: 7578750404

(e) ID Analytics:
    i.    RECORD 8
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
Phone Number 2:

Phone Number 3:
Email: IP Address: Application Date: 20191124

ii.  RECORD 10
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3: 7574056817
Email: IP Address:
Application Date: 20190401

iii.  RECORD 11
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3:
Email:
IP Address:
Application Date: 20190204

iv.  RECORD 12
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 162 ROSE CT APT 10, 23601 ? 1227
Phone Number 1: 7574856817
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20190124

v.  RECORD 14
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 161 ROSE CT APT 10, 23601 ? 1226
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20180411

vi.  RECORD 15
Name: ADRIAN

Date of Birth: XXXXXXXX
Address: 170 ANNETTE CT APT 8, 23601 ? 1259
Phone Number 1: 7574056817
Phone Number 2: 7574056817
Phone Number 3:
Email: IP Address:
Application Date: 20180322

vii.    RECORD 30
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 27 RIVERLANDS DR, 23605 ? 3530
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email:
IP Address:
Application Date: 20161209

viii.    RECORD 31
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1: 7574056817
Phone Number 2:
Phone Number 3: 7574056817
Email: IP Address:
Application Date: 20161014

ix.    RECORD 32
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email:
IP Address:
Application Date: 20160713

x.    RECORD 33
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 5904 CHESTNUT AVE, 23605 ? 2022
Phone Number 1:
Phone Number 2:

Phone Number 3:
Email: IP Address:
Application Date: 20150126

xi.　　RECORD 35
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1: 7572367533
Phone Number 2: 7572367533
Phone Number 3:
Email: IP Address:
Application Date: 20140623

xii.　　RECORD 36
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1: 7572367533
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20140406

xiii.　　RECORD 37
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email: IP Address:
Application Date: 20140331

xiv.　　RECORD 40
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1: 7573586263
Phone Number 2:
Phone Number 3:
Email:
IP Address:
Application Date: 20140221

xv.　　RECORD 41

Name: ADRIAN
Date of Birth:
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1: 7572367533
Phone Number 2:
Phone Number 3:
Email: RBESEPCPKR@GMAIL.COM
IP Address:
Application Date: 20140211

xvi.    RECORD 42
Name: ADRIAN
Date of Birth: XXXXXXXX
Address: 114 KENNETH CT, 23602 ? 6560
Phone Number 1:
Phone Number 2:
Phone Number 3:
Email:
IP Address:
Application Date: 20130916

xvii.   RECORD 43
Name: ADRIAN
Address:
Latitude: 37.016352
Longitude: ?76.437528
Phone Number: 7572470486

xviii.  RECORD 44
Name: ADRIAN
Address:
Latitude: 37.107100
Longitude: ?76.531400
Phone Number: 7578127660

xix.    RECORD 45
Name: ADRIAN
Address:
Latitude: 37.104457
Longitude: ?76.530457
Phone Number:

xx.     RECORD 46
Name: ADRIAN
Address:
Latitude: 37.104455

Longitude: ?76.530448
Phone Number:

(f)  Insurance Policy Records:
    i.   RECORD 2
       **Policy Details:**
       Carrier: INTEGON GENERAL INSU AMBest Number: 002459
       National Association of Insurance Commissioner's Number: 22780
       Number: 2009076275 Inception Date: 02/27/2020
       State: Virginia Start Date: 02/27/2020
       Type: Auto End Date: 02/27/2021

132.    In response to Plaintiff's April 2024 dispute, Defendant failed to delete the thirty-six (36) records and information disputed by Plaintiff.

133.    Defendant failed to conduct a reasonable investigation of Plaintiff's April 2024 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

134.    Thereafter, and upon information and belief, Defendant failed to unmix Plaintiff's consumer file from that of her twin brother and the other consumer and likely Defendant continued to report the other consumer's information to Plaintiff's consumer file.

135.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

136.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her

good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's consumer file.

**Plaintiff Sustained Damages as a Result of LexisNexis' Inaccurate Reporting**

137.    As a result of LexisNexis' conduct, Plaintiff sustained severe emotional distress. Specifically, Plaintiff has spent an inordinate amount of time dealing with the stress and anxiety caused by the false reporting from LexisNexis.

138.    Plaintiff has suffered from countless nights of poor sleep, no sleep, or interrupted sleep as her mind frequently drifts to thoughts of the issues with her LexisNexis report, future issues caused by LexisNexis, and/or other related matters.

139.    Plaintiff has spent countless hours trying to correct her LexisNexis consumer file and suffered an enormous amount of stress associated with the inaccurate reporting.

140.    Plaintiff was anxious and frustrated because she did not know how to correct her LexisNexis report.

141.    Upon information and belief, because Defendant continues to mix Plaintiff's consumer file with that of her twin brother and the unrelated consumer, Defendant continues to sell Plaintiff's consumer file in response to applications and inquiries pertaining to the unrelated consumer.

142.    As a result of the "mixed file," Defendant made it practically impossible for Plaintiff to obtain credit.

143.   At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

144.   At all times pertinent hereto, Defendant's conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

145.   Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs.  Accordingly, Defendant's violations of the FCRA are willful.

146.   As a result of Defendant's conduct, action, and inaction, Plaintiff suffered injuries resulting in damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's consumer file.

///

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

147.   Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

148.   The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> (g) Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

149.   On at least one occasion, Defendant prepared patently false consumer reports concerning Plaintiff.

150.   Defendant mixed another consumer's personal and credit account information into Plaintiff's consumer file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

151.   Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it published and maintained concerning Plaintiff.

152.   Upon information and belief, Defendant has been sued or received disputes from other consumers in the past who have alleged its procedures were unreasonable and violative of the FCRA.

153.   Therefore, Defendant had actual notice of its deficient procedures.

154.   In this case, however, Defendant received actual notice that its procedures were unreasonable as applied to Plaintiff.

155.    It is wholly unreasonable to maintain procedures that allow for reporting of a mixed file despite disputes from the consumer.

156.    Specifically, it was wholly unreasonable for Defendant to report a majority of consumer information about another individual entirely in consumer reports concerning Plaintiff. Moreover, it is wholly unreasonable that Defendant continues to report another person's consumer information in consumer reports concerning Plaintiff after Plaintiff disputed the inaccurate report two times.

157.    As a result of Defendant failure to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information,  Plaintiff suffered injuries resulting in damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's consumer file.

158.    Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

159.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**

160.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

161.    The FCRA mandates that Defendant conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer.  See 15 U.S.C. § 1681i(a)(1).  The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id.*

162.    The FCRA provides that if Defendant conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file.  *See* 15 U.S.C. § 1681i(a)(5)(A).

163.    Plaintiff initiated a dispute with Defendant and disputed inaccurate information reporting in her consumer file and requested that Defendant correct and/or delete the inaccurate, misleading, and highly damaging information belonging to a different consumer.

164.    Defendant failed to conduct an investigation of Plaintiff's dispute, or such investigation, if any, was so unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's consumer file.

165.    Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by

failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's consumer files.

166.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered injuries resulting in damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's consumer file.

167.    Upon information and belief, Defendant knew or should have known about its obligations under the FCRA. These obligations are well-established in the plain language of the FCRA, promulgations made by the Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB), and in well-established case law.

168.    Therefore, Defendant acted consciously in failing to adhere to its obligations under the FCRA.

169.    Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

170.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III
### 15 U.S.C. § 1681b(a)
### Furnishing a Credit Report Without a Permissible Purpose
### (Third Claim for Relief Against Defendant LexisNexis)

171.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

172.    This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

173.    Plaintiff is a "consumer" as defined by the FCRA.

174.    Defendant is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

175.    The FCRA prohibits any consumer reporting agency from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

176.    On multiple occasions, Defendant furnished Plaintiff's consumer report to various entities without a permissible purpose in response to credit applications of another, which did not involve Plaintiff, and which Defendant therefore had no reason to believe that those various credit-issuing entities intended to use Plaintiff's credit information in connection with a credit transaction involving Plaintiff, in violation of 15 U.S.C. § 1681b(a).

177.    Defendant violated 15 U.S.C. § 1681b(a) by selling Plaintiff's consumer report to third parties, whom did not have a permissible purpose to Plaintiff's consumer report, in relation to the credit application of a different consumer.

178.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered injuries resulting in damages including but not limited to, the loss of her right to keep her private financial

information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's consumer file.

179.    Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

180.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.   Determining that Defendant negligently and/or willfully violated the FCRA;

ii.  Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.  Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

Adrianna Nicole Ricks

_____/s/_____
Susan Mary Rotkis, VSB 40693
**CONSUMER ATTORNEYS**
2290 East Speedway Blvd.
Tucson, AZ 85719
Telephone: (602) 847-1504
Fax: (602) 847-1504
Email: srotkis@consumerattorneys.com
*Attorney for Plaintiff*
*Adrianna Nicole Ricks*