**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **ADRIANNA NICOLE RICKS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:24-cv-00139** |
| **LEXISNEXIS RISK SOLUTIONS, INC.,** | |
| **Defendant.** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO
ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

Adrianna Ricks ("Plaintiff" or "Ms. Ricks") has moved for an Order enforcing her settlement agreement with Defendant LexisNexis Risk Solutions, Inc. ("Defendant" or "Lexis"). The court has jurisdiction to enforce settlement agreements in cases arising before it and upon agreement of the parties. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375 (1994).

**I.      RELEVANT BACKGROUND**

Plaintiff filed her Notice of Settlement on March 26, 2025, indicating that the parties had "resolved the claims between them in this matter" and would "voluntarily dismiss the action in due course" requesting "thirty days in which to do so." *See* Dkt. No. 19. On April 25, 2025, the parties filed their first joint motion to extend the deadline for filing of the dismissal. *See* Dkt. No. 21. The Court granted the extension on April 28, 2025. *See* Dkt. No. 22. On May 13, 2025, the parties filed their second joint motion to extend the deadline for filing the dismissal. *See* Dkt. No. 23. The Court granted the extension on May 14, 2025, *See* Dkt. No. 24. On May 30, 2025, the

1

parties filed their third joint motion to extend the deadline for filing  the dismissal. *See* Dkt. No. 25. The Court granted the extension on June 2, 2025, *See* Dkt. No. 26.

The underlying reason for the parties' repeated requests for extension – identified in the third joint motion for extension – arises from the importance of ensuring that Plaintiff's consumer information – maintained and published by Lexis – is accurate in its current iteration before Plaintiff agrees to a general release of all claims arising out of Lexis' consumer reporting.

Between February 21, 2025, and February 26, 2025, the parties negotiated in good faith to arrive at a mutually agreeable settlement on terms certain:  Plaintiff's dismissal of the case in exchange for Lexis' payment of an agreed-upon amount of money. . Ex. A, at 50-63. On February 26, 2025, Lexis provided its draft of a proposed settlement agreement, which included new terms in addition to the agreed upon monetary compensation in exchange for dismissal. *Id.*, 48-49. Plaintiff's counsel was unable to review the proposed terms in their entirety the following day, and so the parties agreed to jointly move the Court for an extension to all discovery deadlines while the terms were discussed. *Id.*, 46-48.

On March 6, 2025, Plaintiff's counsel emailed Lexis' counsel regarding a provision in the proposed settlement agreement that requires Plaintiff to agree that Lexis' current disclosure (comprised of consumer information in its file)  about Plaintiff is accurate – ███████████

██████████████████████████████

███ – and noted that Lexis had not yet sent over Lexis' current disclosure. Ex. A, at 42. Between March 7, 2025, and March 20, 2025, Lexis refused to provide the disclosure statement based on the erroneous assertion that Plaintiff was required to sign an additional consent form. *Id.*, 33-41.[1]

---

[1] As was communicated to Lexis via email from Plaintiff's counsel, Lexis' position on this issue was absurd from the beginning. It was Lexis that unilaterally added a term of settlement that required Plaintiff to agree that the disclosure was accurate. Then it was Lexis that refused to

Rather than simply provide the disclosure – a necessity imposed by Lexis' unilateral additions to the settlement terms it alone drafted – Lexis unnecessarily moved the Court for an order requiring that Lexis produce the disclosure, which the Court granted on March 20, 2025. *See* Dkt. No. 18.

On March 20, 2025, Lexis finally produced Plaintiff's consumer disclosure via email. Ex. A at 33. Due to the sheer volume of the information contained in the disclosure, and the attendant time required to thoroughly review it, the parties agreed to the Court's continuing jurisdiction under *Kokkonen v. Guardian Life* and filed a notice of settlement with the Court on March 26, 2025. *Id.*, 32-33; Dkt. No. 19.

On March 28, 2025, Plaintiff finalized her review of the disclosure and informed Lexis of several inaccuracies still being reported. Ex. A at 30-31. Additionally, Plaintiff had received a State Privacy Act Disclosure Report from Lexis in the mail, which she reviewed and in which she identified several more inaccuracies, all of which were communicated to Lexis' counsel. *Id.* Between March 28, 2025, and April 11, 2025, Plaintiff's counsel followed up multiple times requesting an update on the status of Lexis' disclosure corrections. *Id.*, 27-29. Finally, on April 17, 2025, Lexis provided an updated consumer disclosure. *Id.*, 27. However, Lexis did not provide an update to the State Privacy Act Disclosure. *Id.*, 26.

Between April 17, 2025, and the date of this Motion, Plaintiff's counsel has repeatedly requested an update to the State Privacy Act Disclosure. Ex. A, at 1-26. To date, Lexis has failed to provide a copy of the State Privacy Act Disclosure, ███████████████████ ███████████████████████ **might arise from information contained in its State Privacy Act Disclosure.** *Id.*, 21-22.

## II.    LEGAL STANDARD

---

provide that disclosure unless Plaintiff signed additional consent forms based on an illogical reading of 15 U.S.C. § 1681g. *See* Exhibit A, 37.

The parties have specifically reserved enforcement of the settlement agreement as a matter for the Court to retain. *See* Dkt. No. 19. Because enforcement of the settlement was specifically reserved, and because the Court may exercise its jurisdiction in order to govern its own proceedings, this matter is properly before the court by motion in the underlying action. *See Kokkonen,* 511 U.S. 375. District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *See Millner v. Norfolk & W. Ry. Co.,* 643 F.2d 1005, 1009 (4th Cir.1981). The exercise of this authority has the "practical effect" of entering a judgment by consent. *Id.; Hensley v. Alcon Labs., Inc.,* 277 F.3d 535, 540 (4th Cir. 2002).

Under Virginia law, a settlement agreement is a matter of contract "subject to the general principles of contract interpretation." *See Power Servs., Inc. v. MCI Constructors, Inc.,* 3 F. App'x 190, 192 (4th Cir.2001) (quoting *Byrum v. Bear Inv. Co.,* 936 F.2d 173, 175 (4th Cir.1991)). The essential elements of a contract are an offer, acceptance, and consideration. *See Snyder–Falkinham v. Stockburger,* 249 Va. 376, 381 (1995). "To prove a contract's existence, all of the essential elements must be proven." *Dean v. Morris,* 287 Va. 531, 536 (2014).

A contract is formed when the offeree communicates acceptance to the offeror. *See Levy v. Beach Inv. Corp.,* 212 Va. 19, 20 (1971). "An offer, which is usually but not always a promise, is a manifestation of a willingness to enter into a bargain." *Chang v. First Colonial Sav. Bank,* 242 Va. 388, 392 (1991) (citing Restatement (Second) of Contracts § 24 (1981)). "The offer identifies the bargained for exchange, and creates a power of acceptance in the offeree." *Id.* (citations omitted). "The most basic principle of contract law is that when one party makes an offer that is clear, definite, and explicit, and leaves nothing open for negotiation, acceptance of that offer by the other party will complete the contract." *Judicial Inquiry and Review Comm'n of Va. v. Elliott,* 272 Va. 97, 119 (2006) (citing *Chang,* 242 Va. at 391). "In deciding whether a settlement

4

agreement has been reached, the Court looks to the objectively manifested intentions of the parties." *Moore v. Beaufort Cnty., N.C.,* 936 F.2d 159, 162 (4th Cir.1991) (citations omitted). "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." *Snyder–Falkinham,* 249 Va. at 385 (citation omitted).

### III.    ARGUMENT

Plaintiff has been incredibly patient with Lexis, waiting **over two months** for Lexis to provide the document necessary for Plaintiff to agree to additional terms unilaterally imposed by Lexis after a settlement agreement was reached. Plaintiff has even joined with Lexis in three requests to extend the dismissal deadline to allow Lexis additional time to do so. However, enough is enough. Plaintiff now simply wishes to enjoy the benefits of the settlement agreement on the terms certain into which the parties originally entered: monetary compensation in exchange for dismissal.

Here, Lexis made a clear, definite, and explicit offer to settle Plaintiff's claim for a sum certain payment via email to the undersigned on February 26, 2025. That offer was accepted and memorialized in writing and transmitted via email. Following the written agreement to terms – which is itself an enforceable agreement – Lexis provided a draft settlement agreement. In that draft, Lexis unilaterally added a multitude of terms beyond what the parties had already agreed.

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████.

Despite this unilateral decision, Plaintiff was willing to accept the amendment to the parties' settlement agreement terms as long as the consumer information was, in fact, accurate. However, in order to do so, Plaintiff obviously needed to actually review Lexis' current disclosure

about her, including the State Privacy Act Disclosure. For over two months Plaintiff has been requesting Lexis' State Privacy Act Disclosure corrections, to no avail. This has taken an inordinately long time and Plaintiff, understandably, is unwilling to wait any longer in order to facilitate Lexis' proposed amendments to the settlement agreement. In an email exchange through counsel, Plaintiff promised to dismiss her claims against Lexis in exchange for receipt of payment, which promise was memorialized by Plaintiff's filing of a notice indicating the impending dismissal to the Court. Lexis has failed to perform its obligations under the Settlement agreement: it has not remitted the promised payment to Plaintiff. This failure to comply with the Settlement agreement has caused Plaintiff economic damage in the form of the settlement amount as well as in additional attorneys' fees and costs associated with enforcing the terms of the agreement.

Plaintiff seeks enforcement of the Settlement agreement, which represents an enforceable contract under Virginia law. The Supreme Court of Virginia has clearly addressed breach of contract:

> The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George,* 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

*Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 517, 758 S.E.2d 55, 60 (2014). Like the plaintiff in *Squire*, the Plaintiff alleges that a Virginia contract exists, that Lexis failed to fulfill its obligations under the contract, and that he has been damaged as a result of Lexis' breach. *Id*. Plaintiff performed her obligations under the contract – filing a notice of dismissal – and now waits upon Lexis to do so. The Fourth Circuit has explained:

> Because exercise of the authority to enforce settlement agreements depends on the parties' agreement to a complete settlement, the court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement. *See Ozyagcilar v. Davis,* 701 F.2d 306, 308 (4th Cir.1983). "[I]t is improper for the district court, by its own motion or by agreement

6

of the parties, to place itself in the role of 'final arbiter' of a settlement agreement." *Id.* Thus, if an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is "comparatively insubstantial." *Millner,* 643 F.2d at 1009 (quoting *Autera v. Robinson,* 419 F.2d 1197, 1200 (D.C.Cir.1969)). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement," *Young v. FDIC,* 103 F.3d 1180, 1195 (4th Cir.1997), and the fact that the agreement is not in writing does not render it unenforceable, *Alexander v. Industries of the Blind, Inc.,* 901 F.2d 40, 41 (4th Cir.1990). Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. *Moore v. Beaufort County,* 936 F.2d 159, 162 (4th Cir.1991); *Ozyagcilar,* 701 F.2d at 308. If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily. See Alexander,* 901 F.2d at 41; *Millner,* 643 F.2d at 1010. Instead, when such factual disputes arise, the court must "conduct a plenary evidentiary hearing in order to resolve that dispute," *Millner,* 643 F.2d at 1009, and make findings on the issues in dispute, *see Ozyagcilar,* 701 F.2d at 308. If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement.

*Hensley,* 277 F.3d at 540-41 (emphasis in original).

In this case, a complete agreement was reached and reduced to writing in the form of an email memorializing Plaintiff's acceptance of Lexis' offer to pay a monetary amount in exchange for dismissal. The complete agreement is evidenced in email communications filed herewith, and the performance by Plaintiff cannot be disputed. The Court should therefore exercise its inherent equity authority and enter an Order summarily enforcing the terms of the settlement agreement, requiring that Lexis pay the amount to Plaintiff that it agreed to in exchange for dismissal.

## IV.    CONCLUSION

For these reasons, Plaintiff respectfully moves the Court for an Order enforcing her settlement agreement with Lexis.

7

Respectfully submitted,

Adrianna Nicole Ricks

 /s/
Susan M. Rotkis, VSB 40693
**CONSUMER JUSTICE LAW FIRM PLC**
2290 East Speedway Blvd.
Tucson, AZ 85719
T: (602) 807-1504
F: (480) 613-7733
E: srotkis@consumejustice.com
*Attorney for Plaintiff*
*Adrianna Nicole Ricks*

## CERTIFICATE OF SERVICE

I hereby certify that on  July 2, 2025 , 1 electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

 /s/
Susan M. Rotkis, VSB 40693
**CONSUMER JUSTICE LAW FIRM PLC**
2290 East Speedway Blvd.
Tucson, AZ 85719
T: (602) 807-1504
F: (480) 613-7733
E: srotkis@consumejustice.com
*Attorney for Plaintiff*
*Adrianna Nicole Ricks*

8